### GLENS FALLS INS. CO. v. TEMPLE et al.

(Supreme Court, Appellate Division, Third Department. May 17, 1898.)

GUARANTY OF MORTGAGE—CONSTRUCTION.

An agreement given in consideration of the purchase of a mortgage covenanted in one clause that the interest should be paid every six months, until the principal sum should be paid, and in another that the guarantor should pay to the buyer, provided the property should prove inadequate therefor, all that might at any time be owing thereon over a certain sum, and, before signing, guarantors added the words, "on the principal sum of said mortgage." *Held*, that the limitation in the last clause did not relieve guarantors of the liability incurred in the first, and they were liable for the interest on the mortgage.

Appeal from special term.

Action by Glens Falls Insurance Company against Edwin B. Temple and Luther R. Temple. There was a judgment for defendants, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Louis M. Brown, for appellant.
J. Sanford Potter, for respondents.

PARKER, P. J.    The correctness of the judgment appealed from
depends upon the construction to be given to the written contract
under which the plaintiff claims.    There is no dispute but that such
contract was executed as a guaranty to the plaintiff for the payment
of some portion of the mortgage which it was about to purchase from
the National Bank of Granville.    It recites that it was executed as an
inducement for such purchase.    It is also clear that the plaintiff was
purchasing as an investment, and to that end the contract provides
that the mortgage shall not be due until the end of three years from
its date.    There is also no dispute over the amount of the principal of
such mortgage which the defendants undertook to guaranty.    The
fifth clause of the contract, beyond all controversy, fixes that, and it
is conceded that the amount of principal which by such clause they
undertook should be paid has since been fully paid.    The action is to
recover an installment of interest which became due upon the mort-
gage, under the terms of such contract, on the 30th of June, 1896;
and the first question is whether the defendants, by signing such con-
tract, obligated themselves to pay the same.

When the contract was sent by the plaintiff to the bank to be exe-
cuted by the defendants, the fifth clause so read that by its terms the
defendants would be obligated to pay all that might thereafter become
due, both for principal and interest, on the mortgage, exceeding
$4,000, provided the mortgaged premises proved inadequate to pay it.
The defendants by adding thereto the words, "on the principal sum of
said mortgage," limited their liability thereunder to pay principal
alone, and returned it to the plaintiff properly executed by them, but
with such alteration in it.    It is contended that this alteration indi-
cates that the defendants did not intend to become liable for interest,
and that, because the plaintiff received and retained without objection
the contract in its altered form, it has never acquired any obligation
against the defendants for the payment of the interest.    But this
claim is answered by the fact that in the second clause of the contract
there is an express undertaking on the defendants' part which makes
them liable for its payment.    It reads substantially as follows:

"Edwin B. Temple and Luther R. Temple hereby covenant and agree to and
with said Glens Falls Insurance Company as follows, to wit: * * * (2)
That the rate of interest from and after this date shall be computed at six per
cent. per annum, and shall be paid on the last day of each and every June and
December hereafter, until the said principal sum shall be paid."

If that is not an express undertaking on the part of the defendants
to the plaintiff, that the interest should be paid on the last of June and
December in each year, it is difficult to conceive language that would
be.    In my opinion, here is no ambiguity nor necessity for construc-
tion.    The phrase construes itself, and, in case default is made in the
payment of any such installment, an action lies against defendants
upon such undertaking for the amount.

It is vigorously urged by defendants' counsel that the defendants did not so understand it, and that the plaintiff did not so intend it. Surely, there is nothing in the language itself to warrant such a conclusion. Neither does the fact that plaintiff sent the instrument to be executed with the fifth clause so phrased that it would include the payment of interest indicate that it did not intend the second clause as an undertaking to pay it. It cannot be doubted but that the plaintiff desired and expected to be paid interest on the mortgage semiannually, and there is no provision whatever in the fifth clause that would secure to it such payment. If that were their only undertaking, the defendants would not have been liable for any of the interest until the expiration of three years, when the whole amount became due, and then only after an attempt to collect from the mortgaged premises had failed. Clearly, such a mode of paying interest was not at all what the plaintiff desired, and hence we should not infer that this was the only clause by which it intended to secure interest. Nor can we, in the face of the plain provision of the second clause, which the defendants left unchanged, fairly infer that they did not intend to be liable for interest. There is no room for doubt as to the necessity of that clause. The defendants made no change therein, and the plaintiff had the right to infer that it stood in full force, according to its plain meaning and import.

It will not do to claim that the scheme was that plaintiff should take the land as security for $4,000 of the principal and all interest accruing thereon, and the defendants should be sureties only for the collection of the additional $400 of principal then unpaid, because the clear meaning of the written contract is the other way.

The trial court dismissed the complaint on the ground that no recovery whatever could be had against defendants until it had been determined by foreclosure whether the premises would pay the amount due. Evidently that conclusion is based upon the theory that no obligation is incurred by the defendants, except such as is created by the fifth clause. The obligation created by the second clause has no such limitation connected with it. It is a direct undertaking that payment shall be made every six months, and their liability accrues as soon as default in such payment is made.

These conclusions require a reversal of the judgment rendered. Judgment reversed, and a new trial granted, costs to abide the event. All concur.